JS 44C/SDNY
REV. 12/2005

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS   JEAN MONPLAISIR

DEFENDANTS   ST. LUKE'S-ROOSEVELT HOSPITAL CENTER

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FRANK & ASSOCIATES, P.C,
500 BI-COUNTY BOULEVARD, SUITE 112N
FARMINGDALE, NY 11735   (631 766-0400)

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
42 U.S.C. SECTION 12101, ET SEQ.
EMPLOYMENT DISCRIMINATION BASED ON DISABILITY

Has this or a similar case been previously filed in SDNY at any time? No [x]   Yes? [ ]   Judge Previously Assigned

If yes, was this case   Vol [ ]   Invol. [ ]   Dismissed. No [ ]   Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)              NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**

[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**

[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**

[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**

[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**

[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[x] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**

[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[X] 1 Original Proceeding    [ ] 2a. Removed from State Court    [ ] 3 Remanded from Appellate Court    [ ] 4 Reinstated or Reopened    [ ] 5 Transferred from (Specify District)    [ ] 6 Multidistrict Litigation    [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

[ ] 2b. Removed from State Court AND at least one party is a pro se litigant

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

*IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)*

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF DEF | | PTF DEF | | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 [ ]3 | INCORPORATED _and_ PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 [ ]2 | INCORPORATED _or_ PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 [ ]4 | FOREIGN NATION | [ ]6 [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

JEAN MONPLAISIR
C/O FRANK & ASSOCIATES, P.C.
500 BI-COUNTY BOULEVARD, SUITE 112N
FARMINGDALE, NEW YORK 11735

RESIDENT OF QUEENS COUNTY

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

ST. LUKE'S-ROOSEVELT HOSPITAL CENTER
1111 AMSTERDAM AVENUE
NEW YORK, NEW YORK 10025

NEW YORK COUNTY

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE
1/5/07           SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[✓] YES (DATE ADMITTED Mo. _____ Yr. _____)
Attorney Bar Code #        NF-0521

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN _____ DISTRICT OF _____ NEW YORK

JEAN MONPLAISIR

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

ST. LUKE'S-ROOSEVELT HOSPITAL CENTER

TO: (Name and address of defendant)

ST. LUKE'S-ROOSEVELT HOSPITAL CENTER
1111 AMSTERDAM AVENUE
NEW YORK, NEW YORK 10025

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

FRANK & ASSOCIATES, P.C.
500 BI-COUNTY BOULEVARD
SUITE 112N
FARMINGDALE, NEW YORK 11735
(631) 756-0400

an answer to the complaint which is herewith served upon you, within _____ 30 (THIRTY) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐    Served personally upon the defendant.  Place where served: _____
_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐    Returned unexecuted: _____
_____
_____
_____

☐    Other *(specify)*: _____
_____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
              Date                                 Signature of Server

                                                _____
                                                Address of Server

(1)     As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
JEAN MONPLAISIR,

        Plaintiff,          COMPLAINT 07-cv-108 (PKC)
                                   ECF CASE

       - against-           Index Number:

ST. LUKE'S-ROOSEVELT HOSPITAL
CENTER,
                             Jury Trial Demanded

        Defendant.
-------------------------------------------------X

Plaintiff, **JEAN MONPLAISIR**, by and through his attorneys, **FRANK & ASSOCIATES, P.C.**, complains and alleges as follows:

## 1.   PRELIMINARY STATEMENT

1.   Plaintiff brings this civil action seeking declaratory relief, monetary damages and affirmative relief based upon Defendant's violation of the Americans with Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §12101, *et seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. EXEC. LAW §296 *et seq.* (McKinney 1993 and 2001 Supp.), and other appropriate rules, regulations, statutes and ordinances.

## II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 42 U.S.C. §12117, 28 U.S.C. § 1331 and 29 U.S.C. §1161 *et seq.*  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3.   This action properly lies in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391 because the unlawful employment practices alleged herein occurred in the State of New York, County of New York.

1

4. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

5. Plaintiff filed a timely charge of discrimination on the basis of his disability with the State of New York Executive Department, Division of Human Rights, which charge was cross-filed with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC October 10, 2006.

### III.   PARTIES

6. Plaintiff, **JEAN MONPLAISIR** was at all times relevant herein, a domiciliary of the State of New York residing in the County of Queens.

7. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 42 U.S.C. §12111(4) and a "person" within the meaning of Section 292(1) of the NYSHRL.

8. At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C. §12111(8) and has suffered from a "disability" within the meaning of Section 292(21) of the NYSHRL.

9. Upon information and belief, at all times relevant to the Complaint, Defendant, **ST. LUKE'S-ROOSEVELT HOSPITAL CENTER**, (hereinafter "Defendant") is a not-for-profit entity existing under the laws of the State of New York.

10. Upon information and belief, at all times relevant to the Complaint, Defendant does business in the State of New York in the County of New York at 1111 Amsterdam Avenue, New York, New York 10025.

11. At all times relevant to the Complaint, Defendant has been an "employer" within the

2

meaning of 42 U.S.C. § 12111(5), and Section 292(5) of the NYSHRL.

12.  Upon information and belief, and at all times relevant to the Complaint, Defendant employed more than fifteen (15) employees.

## IV. FACTS

13.  Plaintiff repeats and alleges each and every allegation contained herein.

14.  In or about October 1986, Plaintiff was hired by Defendant as a Maintainer in the Maintenance Department,

15.  At all times relevant herein, Plaintiff's work performance was satisfactory.

16.  Plaintiff suffers from a serious back injury.

17.  On or about March 19, 2005 Plaintiff began a medical leave of absence due to Plaintiff's back injury.

18.  Plaintiff was granted a medical leave of absence for an indefinite period until he was fully recovered.

19.  Plaintiff suffered a disability within the meaning of the Americans with Disabilities Act and the New York State Human Rights Law.

20.  Plaintiff was a disabled employee protected from unlawful termination while on an approved disability leave of absence.

21.  Plaintiff was cleared and accepted to return to work on or about August 1, 2005.

22.  On or about July 27, 2005 Plaintiff was terminated from his position while out of work on his approved medical leave of absence.

23.  At the time of his discharge, Plaintiff was able to perform the duties of his job with or without a reasonable accommodation.

24.  Based upon the foregoing, Plaintiff's termination was the result of an unlawful

3

discriminatory action relating to employment because of Plaintiff's disability.

25.    Defendant's termination of Plaintiff's employment and failure to reinstate him to his former position or any position Plaintiff was able to perform with reasonable or no accommodation was discriminatory and unlawful, in that it was based upon Plaintiff's disability.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act - Disability Discrimination)

26.    Plaintiff repeats and realleges each and every allegation contained herein.

27.    Plaintiff has been discriminated against by Defendant on the basis of his disability in violation of the ADA, by Defendant engaging in a course of conduct which included wrongfully discharging and/or refusing to reinstate Plaintiff's employment because of his disability or perceived disability.

28.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

29.    As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

30.    The conduct of the Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in amount to be determined at trial.

4

## SECOND CLAIM FOR RELIEF
### (NYSHRL - Disability Discrimination)

31.    Plaintiff repeats and realleges each and every allegation contained herein.

32.    Plaintiff has been discriminated against by Defendant on the basis of his disability in violation of the NYSHRL, by Defendant's course of conduct, which included wrongfully discharging and refusing to reinstate Plaintiff to his employment because of his disability.

33.    As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, deferred compensation, bonuses and supplemental employment benefits.

34.    As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses.

35.    The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief and an award of compensatory damages in amount to be determined at trial.

## VI.    DEMAND FOR JURY TRIAL

36.    Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendant herein alleged, Plaintiff demands:

a.    judgment declaring Defendant violated the aforementioned statutes;

b.    Defendant, its agents, employees, officers, and successors in interest, and those acting in concert with Defendant, be permanently enjoined from discriminating against, harassing or retaliating against Plaintiff on any basis forbidden by the

5

ADA and NYSHRL;

c.     that Plaintiff be made whole in the form of back pay and front pay and afforded

all benefits which would have been afforded Plaintiff but for said discrimination;

d.     Defendant be ordered to compensate, reimburse and make the Plaintiff whole for

compensatory damages in an amount to be determined at trial;

e.     Defendant be ordered to pay Plaintiff punitive damages in an amount to be

determined at trial;

f.     Defendant be ordered to pay Plaintiff prejudgment interest;

g.     Defendant be ordered to pay the costs and disbursements of this action, including

Plaintiff's attorneys' fees; and

h.     for such other and further relief as may be just and proper.

Dated: Farmingdale, New York
       January 5, 2007

FRANK & ASSOCIATES, P.C.
Attorneys for Plaintiff

By:     _____

Neil M. Frank (NF-0521)
500 Bi-County Blvd. Suite 112N
Farmingdale, New York 11735
(631) 756-0400